HON. JNO. H. BURFORD, CHIEF JUSTICE.
HON. CLINTON F. IRWIN,
HON. BAYARD T. HAINER,
HON. BENJ. F. BURWELL,
HON. FRANK E. GILLETTE,       } ASSOCIATE JUSTICES.
HON. J. L. PANCOAST,
HON. JAMES K. BEAUCHAMP,

---

THE McCORMICK HARVESTING MACHINE COMPANY v. N₁
H. KOLB.

(Filed July 16, 1902.)

FINAL ORDER—Practice. An order of the district court sustaining a petition in error, and reversing a judgment of the justice of the peace, and that the case be retained in the district court for trial and final judgment, and where there is no judgment rendered for costs, is not one of the orders of the district court from which error lies to the supreme court, until the final disposition of the action in the court below.

(Syllabus by the Court.)

*Error from the District Court of Payne County; before John H. Burford, Trial Judge.*

*Uhl & Miller,* for plaintiff in error.

No brief on file for defendant in error.

Dismissed; the facts sufficiently appear in the opinion.

Opinion of the court by

BEAUCHAMP, J.: Plaintiff in error recovered a judgment in the justice's court in and for Stillwater city township, Payne county, against the defendant in error for the sum of $92.38 and costs, upon two promissory notes. Defendant in error sought to review that judgment by petition in error in the district court of Payne county on the 2nd day of May, 1900, the district court, upon the hearing of the petition in error, found that there was error in the proceedings in the justice's court, reversed the judgment and ordered the case docketed for trial in that court at the next term thereof, to which order and judgment of the district court, the plaintiff in error duly excepted, and brings the case here upon petition in error for review.

As will be seen, the case is still pending and undetermined in the district court of Payne county. No final judgment has been rendered, not even a judgment for the costs accrued to the time that the judgment of the justice was reversed by the district court.

The error complained of is one that cannot be brought to this court until the case is finally disposed of. The order is not a final order, nor is it one of the special orders enumerated in the code from which error lies before final decision of the cause.

The petition in error must be dismissed, with costs to plaintiff in error.

Burford, C. J., who presided in the court below, not sitting; Irwin, J., absent; all of the other Justices concurring.